FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 12, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES JOSEPH S.,<br><br>              Plaintiff,<br><br>   v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>              Defendant. | NO: 2:18-CV-217-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 9 and 12. This matter was submitted for consideration

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

without oral argument. The Plaintiff is represented by Attorney Dana C. Madsen. The Defendant is represented by Special Assistant United States Attorney Lisa Goldoftas. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 12, and **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 9.

## JURISDICTION

Plaintiff James Joseph S.[2] protectively filed for supplemental security income on July 8, 2015, alleging an onset date of March 15, 2004. Tr. 177. Benefits were denied initially, Tr. 123-30, and upon reconsideration, Tr. 134-40. Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on February 21, 2017. Tr. 34-64. Plaintiff was represented by counsel and testified at the hearing. *Id.* The ALJ denied benefits, Tr. 12-33, and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 1383(c)(3).

/ / /

/ / /

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 38 years old at the time of the hearing. Tr. 38. He has his GED. Tr. 38. He lives with his mother, stepdaughter, daughter, and grandchild. Tr. 38. Plaintiff has work history as a foundry laborer. Tr. 50, 61. He testified that he cannot perform his past work because he has fatigue, PTSD, anxiety, and depression. Tr. 42.

Plaintiff testified that he has strength problems in his hands, fatigue, MRSA, Hepatitis C, right shoulder weakness, PTSD, depression, mood swings. Tr. 47-48, 55-58. He testified that he had a head injury in 2010 that required hospitalization, and since that injury he has experienced migraine headaches three to five times per week. Tr. 53-54. Plaintiff reported that he can walk one to two miles at a time, stand in a line "all day if [he has] to," bend over to pick things up, and lift 50 pounds maximum. Tr. 56-57.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner

must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 8, 2015, the application date. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: depressive disorder; bipolar disorder; anxiety disorder; personality disorder; history of substance use disorder; and lumbago. Tr. 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18. The ALJ then found that Plaintiff has the RFC

to perform light work as defined in 20 CFR 416.967(b) except he is limited to: avoiding all exposure to hazards, such as dangerous moving machinery and unprotected heights; simple, routine tasks with no production rate or pace work; only occasional and superficial interaction with the public; and only occasional interaction with co-workers.

Tr. 20. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 26. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: office cleaner, collator operator, and small parts assembler. Tr. 26-27. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since July 8, 2015, the date the application was filed. Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 9. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims; and

2. Whether the ALJ properly weighed the medical opinion evidence.

## DISCUSSION

### A. Plaintiff's Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which

could reasonably be expected to produce the pain or other symptoms alleged."

*Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not

required to show that her impairment could reasonably be expected to cause the

severity of the symptom she has alleged; she need only show that it could

reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572

F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

citations and quotations omitted). "General findings are insufficient; rather, the

ALJ must identify what testimony is not credible and what evidence undermines

the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

must make a credibility determination with findings sufficiently specific to permit

the court to conclude that the ALJ did not arbitrarily discredit claimant's

testimony."). "The clear and convincing [evidence] standard is the most

demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920,

924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. Tr. 21.

### 1. Lack of Objective Medical Evidence

First, the ALJ found "the objective findings in this case fail to provide strong support for [Plaintiff's] allegations of disabling symptoms and limitations." Tr. 22. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

Here, the ALJ set out the medical evidence contradicting Plaintiff's claims of disabling physical limitations during the relevant adjudicatory period, including: normal and unremarkable physical examination findings in July 2015; normal gait and station, with only brief pain behavior when he got up from a chair at the end of the examination, in August 2015; tenderness in left paraspinal muscle, but otherwise normal findings with regard to his back, and normal gait and station in September 2015; unremarkable x-rays in September 2015, aside from mild L5-S1

disc degeneration; and reports by Plaintiff in December 2016 that he was not experiencing back pain.  Tr. 22 (citing Tr. 385, 391, 393, 395, 671).  Similarly, the ALJ outlined medical evidence inconsistent with Plaintiff's allegations of disabling mental health limitations.  Tr. 22-23.  For example, the ALJ noted consistently normal and unremarkable mental status examination results across the relevant adjudicatory period, including findings that Plaintiff was oriented to all spheres, had appropriate mood and affect, was cooperative and insightful, had good long-term memory, had normal speech, was amiable and euthymic, had good eye contact, and had normal thought process.  Tr. 22-23 (citing, e.g., Tr. 318, 324, 388, 391, 393, 409, 441, 516-17, 524-25, 536-39, 556-57).  In addition, objective testing results in August 2015 by the consultative examining psychologist indicated that Plaintiff did not have difficulty with executive functioning, and his attention, concentration, and intellectual ability appeared within normal limits.  Tr. 22-23 (citing Tr. 385).

Plaintiff generally argues, without citation to the record, that his claims are "corroborated by his treatment records, as well as by the counseling records of Frontier Behavioral Health.  According to the examining psychologist, John Arnold, Ph.D. and Joyce Everhart, Ph.D. and [Plaintiff's] counselor at Frontier Behavioral Health, he suffers from significant psychological symptoms which would prevent gainful employment."  ECF No. 9 at 15.  However, the Court's review of the ALJ's decision indicates that Plaintiff's treatment records were

considered in their entirety, including evidence that at times during the relevant adjudicatory period Plaintiff presented with depressed mood, anxiety, constricted affect, intermittent eye contact. Tr. 22-23. Moreover, as discussed below, the ALJ properly weighed the medical opinion evidence, and accounted for properly supported limitations in the assessed RFC.

Thus, regardless of evidence that could be interpreted more favorably to Plaintiff, the Court finds the ALJ properly relied on evidence from the overall record, as cited extensively above, to support the finding that Plaintiff's alleged physical and mental health limitations, were inconsistent with objective medical evidence. "[W]here evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The lack of corroboration of Plaintiff's claimed limitations by the medical evidence was a clear and convincing reason, supported by substantial evidence, for the ALJ to discount Plaintiff's symptom claims.

### 2. *Daily Activities*

Second, the ALJ noted that Plaintiff "has described daily activities that are inconsistent with [Plaintiff's] allegations of disabling symptoms and limitations." Tr. 21. A claimant need not be utterly incapacitated in order to be eligible for benefits. ECF No. 14 at 18 (citing *Fair*, 885 F.2d at 603); *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on

certain activities . . . does not in any way detract from her credibility as to her overall disability."). Regardless, even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

Here, Plaintiff "alleged that his impairments have negatively affected his ability to lift, bend, remember, complete tasks, concentrate, understand, follow instructions, use his hands, and get along with others." Tr. 21. However, "[d]espite these allegations," as noted by the ALJ, Plaintiff also reported that he prepares simple meals, washes laundry, cleans his room, shops in stores for groceries, pays bills, counts change, uses a checkbook, spends time with others, and follows written instructions "okay." Tr. 21 (citing Tr. 195-98). Moreover, Plaintiff testified that he lives with his mother, daughter, stepdaughter, and grandchild "with no issues," cares for his children, and helped care for his sister's children after his grandmother passed away. Tr. 21, 38, 42, 60-61.

In his reply brief, Plaintiff argues this was not a clear and convincing reason, and generally cites Ninth Circuit cases that have held activities such as doing housework, grocery shopping, cooking meals, and driving a car "are not activities that would necessarily detract from a claimant's testimony in a disability case." ECF No. 13 at 5-6. However, regardless of evidence that could be viewed more favorably to Plaintiff, it was reasonable for the ALJ to conclude that Plaintiff's

documented daily activities and social functioning, including caring for children and family members, was inconsistent with her allegations of incapacitating mental limitations. Tr. 28-29; *Molina*, 674 F.3d at 1113 (Plaintiff's activities may be grounds for discrediting Plaintiff's testimony to the extent that they contradict claims of a totally debilitating impairment); *Burch*, 400 F.3d at 679 (where evidence is susceptible to more than one interpretation, the ALJ's conclusion must be upheld). This was a clear and convincing reason to discredit Plaintiff's symptom claims.

Moreover, although Plaintiff responds to the Commissioner's briefing about the ALJ's daily activities finding in his reply brief, ECF No. 13 at 5-6, Plaintiff fails to raise the ALJ's daily activities finding as an issue in Plaintiff's opening brief. ECF No. 9 at 14-15. Accordingly, Plaintiff waived challenge to this issue. *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to consider issues not raised with specificity in the opening brief). Thus, even assuming, *arguendo*, that the ALJ erred in considering his daily activities, Plaintiff is not entitled to remand on these grounds.

The Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.

## B. Medical Opinions

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester,* 81 F.3d at 830–831). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray,* 554 F.3d at 1228 (quotation and citation omitted).

Plaintiff argues the ALJ erroneously considered the opinion of examining psychologist John Arnold, Ph.D.; examining psychologist Joyce Everhart, Ph.D.; and testifying medical expert Stephen Rubin, Ph.D. ECF No. 9 at 16. However, as

correctly noted by Defendant, "Plaintiff briefly summarizes the opinions of [these] three medical providers, but fails to raise any issues with specificity . . .. Because Plaintiff has not raised issues with specificity, any challenge is waived." ECF No. 12 at 7-8 (citing *Carmickle*, 533 F.3d at 1161 n.2). In his reply brief, Plaintiff contends that he "did argue with specificity concerning the findings" of Dr. Arnold, Dr. Everhart, and Dr. Rubin.[3] This argument is misplaced. While Plaintiff's opening brief does summarize the opinion of each of these providers, he does not "specifically and distinctly" identify or challenge any of the ALJ's findings with regard to these opinions. *See Kim*, 154 F.3d at 1000 (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). However, despite Plaintiff's waiver, in an abundance of caution, the Court will review the ALJ's findings regarding the medical opinion evidence.

     *1. John Arnold, Ph.D.*

---

[3] In his reply brief, Plaintiff notes that he "devoted an entire paragraph of [his opening brief] concerning the findings of Daniel Fitzpatrick, ARNP;" and "[t]herefore, [Plaintiff] did argue with specificity the findings of Frontier Behavioral Health." ECF No. 13 at 3. However, as noted by Defendant, Plaintiff's opening brief "identifies no alleged error [regarding Mr. Fitzpatrick's opinion] with any specificity, and therefore waives the argument." ECF No. 12 at 15 n.4 (citing *Carmickle*, 533 F.3d at 1161 n.2).

In August 2012, Dr. Arnold examined Plaintiff and opined that he had severe limitations in his ability to complete a normal work day and work week without interruptions from psychologically based symptoms; and marked limitations in his ability to understand, remember and persist in tasks by following very short and simple instructions, communicate and perform effectively in a work setting, and set realistic goals and plan independently. Tr. 421. The ALJ gave Dr. Arnold's opinion little weight for several reasons. Tr. 25.

First, the ALJ noted that Dr. Arnold's August 2012 opinion was "provided well before [Plaintiff's] application date [of July 8, 2015]." Tr. 25. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle*, 533 F.3d at 1165; *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (a statement of disability made outside the relevant time period may be disregarded). Second, the ALJ found Dr. Arnold's opinion "is inconsistent with the recent medication records, which show that [Plaintiff] had normal mental status examination findings and once he had the right combination of medication, his symptoms greatly improved and he was able to control his anger and was no longer depressed." Tr. 25 (citing Tr. 318, 324, 384-85, 388, 391, 393, 409, 441, 516-17, 524-25, 538-39). An ALJ may discount an opinion that is conclusory, brief, and unsupported by the record as a whole, or by objective medical findings. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Orn*, 495 F.3d at 631 (the consistency of a medical opinion with the

record as a whole is a relevant factor in evaluating that medical opinion); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

As noted above, Plaintiff's opening and reply briefs only recite Dr. Arnold's findings, without identifying or challenging the ALJ's reasons for discounting Dr. Arnold's opinion with the requisite specificity. *Carmickle*, 533 F.3d at 1161 n.2 (court may decline to consider issues not raised with specificity in the opening brief). However, even had Plaintiff not waived the issue, the Court finds the reasons offered by the ALJ for discounting Dr. Arnold's opinion were without legal error and supported by substantial evidence. *Burch*, 400 F.3d at 679 (where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld).

### 2. Joyce Everhart, Ph.D.

In August 2015, Dr. Everhart examined Plaintiff and opined that, "based on the mental status examination," his attention, concentration and intellectual ability appear to be within normal limits; test results do not suggest difficulty with executive functioning; he "has the ability to listen, understand, remember and follow simple directions"; he has some ability to complete multistep tasks; his gait and station is normal; he has normal rate of speech and voice tone; and he does not need help to manage his funds. Tr. 385-86. The ALJ gave Dr. Everhart's opinion

great weight because it was "consistent with her objective findings and the record as a whole, which shows that despite [Plaintiff's] noted anger issues and difficulty concentrating at times, he generally had normal mental status findings." Tr. 23 (citing Tr. 318, 324, 384-85, 388, 391, 393, 409, 441, 516-17, 524-25, 538-39).

Plaintiff's opening brief recites additional findings from Dr. Everhart's evaluation of Plaintiff, including observations that he had poor persistence, was easily distracted but "does attempt every task once he is redirected," had poor eye contact, and was a "difficult" interview. ECF No. 9 at 9 (citing Tr. 385). As noted by Plaintiff, Dr. Everhart's evaluation also included diagnoses of unspecified depressive disorder, unspecified anxiety disorder, history of PTSD, "other psychotic disorder, apparently controlled with medication," alcohol and substance use disorder, remission, and other specified personality disorder. ECF No. 9 at 16; Tr. 385.

However, the "mere diagnosis of an impairment . . . is not sufficient to sustain a finding of disability." *Kay v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). Moreover, as indicated above, Plaintiff does not raise any specific challenge to the reasons given by the ALJ for according Dr. Everhart's opinion great weight; nor does Plaintiff identify any specific functional limitations opined by Dr. Everhart that were not properly incorporated into the assessed RFC. *See Carmickle*, 533 F.3d at 1161 n.2; *Molina*, 674 F.3d at 1115 (error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination).

Thus, regardless of evidence that could be viewed more favorably to Plaintiff, the Court finds no error in the ALJ's consideration of Dr. Everhart's opinion.

### 3. Stephen Rubin, Ph.D.

At the February 2017 hearing, Dr. Rubin testified that Plaintiff has no problem with understanding, remembering, or applying information; mild problems interacting with others; moderate difficulties with concentration, persistence, or pace; and moderate difficulties in managing himself. Tr. 44. He further opined that "intermittent or occasional interactions" with the public and coworkers "would probably work better than constant interactions"; and "a fast-paced environment would not be good for him." Tr. 45. Dr. Rubin testified that it would be good for Plaintiff to start out working part-time to as "part of a therapy or counseling program" to achieve a "gradual immersion into the workforce." Tr. 45. He testified that he "think[s]" Plaintiff would "struggle with" absenteeism "at the beginning of any period of full-time employment," and that "[he] think[s] [Plaintiff] would be absent, I don't know, three, four, five days a month right at the beginning and unless he had support." Tr. 46. Finally, Dr. Rubin noted that he thought the transition to full-time work would be "difficult" for Plaintiff. Tr. 46.

The ALJ gave Dr. Rubin's opinion "partial weight, as his opinion that [Plaintiff] would be absent from work for up to five days a month if he started full-time work right away and might not be able to transition to full-time work is based upon speculation and is not supported by the record." Tr. 23. The consistency of a

medical opinion with the record as a whole is a relevant factor in evaluating that medical opinion.  *Orn*, 495 F.3d at 631; *Batson*, 359 F.3d at 1195 (an ALJ may discount an opinion that is conclusory, brief, and unsupported by the record as a whole, or by objective medical findings); *see also Carmickle*, 533 F.3d at 1165 (ALJ did not err in failing to incorporate a doctor's statement into RFC where the doctor's "proposal was offered as a *recommendation,* not an imperative") (emphasis in original).  Here, the ALJ specifically noted that "despite [Plaintiff's] noted anger issues and difficulty concentrating at times, he generally had normal mental status examination findings.  Furthermore, [Plaintiff] acknowledged that once he had the right combination of medication, his symptoms greatly improved and he was able to control his anger and was no longer depressed." Tr. 23-24.

Again, Plaintiff's opening and reply briefs only recount Dr. Rubin's testimony, without identifying or challenging the ALJ's reasons for discounting Dr. Rubin's opinion with the requisite specificity.  *Carmickle*, 533 F.3d at 1161 n.2 (Court may decline to consider issues not raised with specificity in the opening brief).  However, even had Plaintiff not waived the issue, the Court finds the reasons offered by the ALJ for discounting Dr. Rubin's opinion were without legal error and supported by substantial evidence.  *Burch*, 400 F.3d at 679 (where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld).

# CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, the ALJ provided clear and convincing reasons to discount Plaintiff's symptom claims, and properly weighed the medical opinion evidence. After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 9**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgement shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** August 12, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
